UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH PIKE, individually and on behalf of all others similarly situated,<br><br>v.<br><br>HCF MANAGEMENT, INC. | Case No. 1:22-cv-165<br><br>**COMPLAINT- CLASS AND COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(b) and FED. R. CIV. P. 23** |

**PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT**

1. During 2021-2022, Plaintiff, Deborah Pike, was an employee of Defendant, HCF Management, Inc. ("HCF").

2. HCF utilized the timekeeping and payroll services of Ultimate Kronos Group, Inc.'s ("UKG") timekeeping system, Kronos Private Cloud ("Kronos") to pay its employees, including Plaintiff.

3. On or around December 11, 2021, UKG was attacked by hackers who launched a ransomware attack on Kronos.

4. HCF's timekeeping system was affected and compromised by the Kronos attack resulting in HCF's unlawful payment of wages to its employees.

5. As a result, HCF's workers who were not exempt from the overtime requirements under federal and state law, like Plaintiff, were not paid for all hours

1

worked or were not paid their proper overtime premium after the onset of the Kronos hack.

6. HCF shifted the burden of the Kronos hack onto its employees who rely on the full and timely payment of their wages and denied them overtime wages due and owed.

7. HCF's failure to pay wages, including proper overtime, for all hours worked violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, the Pennsylvania Minimum Wage Act (PMWA), 43 Pa. Stat. Ann. § 333.101 *et seq.*, and the Pennsylvania Wage Payment and Collection Law (PWPCL), 43 Pa. Stat. Ann. § 260.1 *et seq.*

## JURISDICTION & VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9. The Court has supplemental jurisdiction over any state law subclasses pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Plaintiff resides in this District, and HCF does business here.

# PARTIES

11. Plaintiff Deborah Pike is a natural person, who has been, at all relevant times, an employee of HCF.

12. Plaintiff seeks to represent a collective of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Collective" is defined as:

> **All current or former hourly and salaried employees of HCF who were non-exempt under the FLSA and who worked for HCF in the United States at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

13. Plaintiff also seeks to represent a class of similarly situated workers under Pennsylvania law pursuant to Federal Rule of Civil Procedure 23. This "Pennsylvania Class" is defined as:

> **All current or former hourly and salaried employees of HCF who were not exempt from overtime pay and who worked for HCF in Pennsylvania at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

14. Together, throughout this Complaint, the FLSA Collective members, and Pennsylvania Class members are referred to as the "Similarly Situated Workers."

15. Defendant HCF, Inc. is incorporated with its principal place of business in Ohio.

## FACTS

16. HCF is an Ohio based health care services entity with operations across western Pennsylvania and Ohio.

17. Many of HCF's employees are non-overtime-exempt hourly and salaried workers.

18. Since at least 2021, HCF used the timekeeping software and hardware operated and maintained by Kronos.

19. On or about December 11, 2021, Kronos was hacked with ransomware.

20. The Kronos hack interfered with its clients', including HCF's, ability to use Kronos's software and hardware to track hours and pay employees.

21. Since the onset of the Kronos hack, HCF has not kept accurate track of the hours that Plaintiff and Similarly Situated Workers have worked.

22. Instead, HCF has used various methods to estimate the number of hours Plaintiff Holbert and Similarly Situated Workers worked in each pay period.

23. For example, HCF issued paychecks without accounting for overtime hours worked, recalled paychecks, and took unauthorized and undisclosed deductions from paychecks.

24. This means that employees who were non-exempt and who worked overtime were in many cases paid less than the hours they worked in the workweek, including overtime hours, and paid improper deductions from their pay.

25. Even if certain overtime hours were paid, the pay rate would be less than the full overtime premium.

26. Many employees were not even paid their non-overtime wages for hours worked before 40 in a workweek.

27. Plaintiff was not paid for overtime and was the subject of improper and undisclosed deductions from her pay resulting from the Kronos attack.

28. Instead of paying Plaintiff for the hours she actually worked (including overtime hours), HCF reduced her pay without documentation and failed to properly pay her overtime while taking undisclosed and improper deductions from her pay.

29. In properly calculating and paying overtime to a non-exempt employee, the only metrics that are needed are: (1) the number of hours worked in a day or week, and (2) the employee's regular rate, taking into account shift differentials, non-discretionary bonuses, and other adjustments required by law.

30. HCF knows it has to pay proper overtime premiums to non-exempt hourly and salaried employees.

31. HCF knows this because, prior to the Kronos hack, it routinely paid these workers for all overtime hours at the proper overtime rates.

32. HCF knows this because, prior to the Kronos hack, it routinely paid these workers for all hours worked at the rates it agreed to pay them.

33. HCF could have instituted any number of methods to accurately track and timely pay its employees for all hours worked.

34. Instead of accurately tracking hours and paying employees' wages and overtime, HCF arbitrarily paid employees, without regard to the wages and overtime they were owed while taking improper and undisclosed deductions.

35. It was feasible for HCF to accurately account for the hours its employees worked each week to ensure accurate pay, but it did not do so.

36. Plaintiff was and is a non-exempt hourly employee of HCF.

37. Plaintiff regularly works over 40 hours per week for HCF to qualify for overtime and bonuses.

38. Plaintiff's normal, pre-Kronos hack hours are reflected in HCF's records.

39. Even though HCF may have had Plaintiff's record and submitted her hours, HCF has not issued proper payment for all hours worked.

40. Even when HCF issued payment to Plaintiff where overtime hours were worked, the overtime was not accurately calculated based on Plaintiff's regular rates, as required by the FLSA and Pennsylvania law.

41. HCF was aware of the overtime requirements of the FLSA.

42. HCF nonetheless failed to pay the full overtime premium owed to certain non-exempt hourly and salaried employees, such as Plaintiff.

43. HCF's failure to pay overtime to these non-exempt workers was, and is, a willful violation of the FLSA.

44. At the time HCF failed to pay Plaintiff and the Similarly Situated Workers in full for their overtime hours by their regular paydays, HCF became liable for all prejudgment interest, liquidated damages, penalties, and any other damages owed under federal law.

45. In other words, there is no distinction between late payment and nonpayment of wages under the law.

46. Plaintiff and the Similarly Situated Workers remain uncompensated for the wages and other damages owed by HCF under the FLSA and Pennsylvania law.

**CLASS/COLLECTIVE ACTION ALLEGATIONS**

47. Plaintiff brings her FLSA claim on behalf of herself and all other hourly and salaried employees of HCF who were non-exempt under the FLSA and who worked for HCF in the United States at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present. Plaintiff brings her PWPCL claim on behalf of herself and all other hourly and salaried employees of HCF who worked for HCF in the Commonwealth of Pennsylvania at any time

since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.

48. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other putative collective members, having worked pursuant to the common overtime pay policy described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

49. Class action treatment of Plaintiff's Pennsylvania state law claims is appropriate because, as alleged below, each of Federal Rule of Civil Procedure 23's class action requirements is satisfied.

50. The class, upon information and belief, includes over 100 individuals, all of whom are readily ascertainable based on Defendant's payroll records and are so numerous that joinder of all class members is impracticable.

51. Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members. Plaintiff is informed and believes that, like her, other Similarly Situated Employees were not properly paid overtime and were subjected to unlawful and undisclosed deductions from pay.

52. Plaintiff and her lawyers will fairly and adequately represent the class members and their interests. Plaintiff has been treated in the same manner as other class members by Defendant and has been damaged by this treatment in the same

manner as other class members by their loss of overtime premium wages, and their payment of unlawful deductions from their pay. Plaintiff is committed to prosecuting this action. Plaintiff has retained attorneys with significant class action experience.

53. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common failure to properly pay Plaintiff and Similarly Situated Employees, as described herein. The legality of these practices will be determined through the application of generally applicable legal principles to common facts.

54. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Those common questions that predominate over any questions that may affect individual Class members include: (i) whether HCF failed to pay Plaintiff and Class Members their overtime as required by Pennsylvania law; and (ii) whether Defendant has violated the rights of Plaintiff and class members under Pennsylvania Wage Laws by making illegal deductions from their wages, depriving them of overtime and other benefits of being employees, and requiring them to pay Defendant's expenses.

## COUNT I – FLSA

55. All previous paragraphs are incorporated as though fully set forth herein.

56. The FLSA requires that employees receive overtime premium compensation calculated at 150% of their regular pay rate for all hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

57. Defendant HCF is an employer that is required to comply with the FLSA's overtime pay mandate, and Plaintiff and the Collective Members are employees entitled to the mandate's protections.

58. Defendant HCF violated the FLSA by failing to pay Plaintiff and the Collective Members' overtime premium compensation for hours worked over 40 per week.

59. In violating the FLSA, Defendant HCF acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II – PWPCL

60. All previous paragraphs are incorporated as though fully set forth herein.

61. The PWPCL prohibits pay deductions except for those explicitly permitted by law or regulation. *See* 43 P.S. § 260.3; 34 Pa. Code § 9.1; *see generally Ressler v. Jones Motor Co., Inc.,* 487 A.2d 424 (Pa. Super. 1985).

62. Defendant HCF is an employer that is required to comply with the PWPCL, and Plaintiff and other class members are employees entitled to the PWPCL's protections.

63. The various deductions that Defendant took from Plaintiff and other class members, are not permitted by the PWPCL and, therefore, violate the PWPCL.

## COUNT III—VIOLATIONS OF THE PMWA

64. Plaintiff incorporates all other allegations set forth herein.

65. The conduct alleged in this Complaint violates the PMWA.

66. HCF was and is an "employer" within the meaning of the PMWA.

67. At all relevant times, HCF employed Plaintiff and the other Pennsylvania Class members as "employees" within the meaning of the PMWA.

68. The PMWA requires an employer like HCF to pay overtime to all non-exempt employees.

69. Plaintiff and the other Pennsylvania Class Members are non-exempt employees who are entitled to be paid overtime for all overtime hours worked.

70. Within the applicable limitations period, HCF had a policy and practice of failing to pay proper overtime to the Pennsylvania Class Members for their hours worked in excess of 40 hours per week.

71. As a result of HCF's failure to pay proper overtime to Plaintiff and the Pennsylvania Class Members for work performed in excess of 40 hours in a workweek, HCF violated the PMWA.

72. Plaintiff and the Pennsylvania Class Members are entitled to overtime wages under the PMWA in an amount equal to 1.5 times their rates of pay, liquidated damages, attorney's fees, costs, penalties, and all other legal and equitable relief provided under the PMWA.

## RELIEF SOUGHT

Plaintiff prays for judgment against HCF as follows:

    a. For an order certifying a collective action for the FLSA claims;

    b. For an order certifying a class action for the Pennsylvania law claims;

    c. For an order finding HCF liable for violations of federal wage laws with respect to Plaintiff, and all FLSA Collective members covered by this case;

    d. For an order finding HCF liable for violations of Pennsylvania wage laws with respect to Plaintiff and all Pennsylvania Class members covered by this case;

    e. For a judgment awarding all unpaid wages, liquidated damages, and penalty damages, to Plaintiff, and all FLSA Collective members covered by this case;

    f. For a judgment awarding all unpaid wages, fringe benefits, liquidated damages, reimbursement of improperly deducted items from pay, and penalties, to Plaintiff and all Pennsylvania Class members covered by this case;

    g.    For an equitable accounting and restitution of wages due to Plaintiff and all FLSA Collective, and Pennsylvania Class members covered by this case;

    h.    For a judgment awarding costs of this action to Plaintiff, and all FLSA Collective, and Pennsylvania Class members covered by this case;

    i.    For a judgment awarding attorneys' fees to Plaintiff, and all FLSA Collective, and Pennsylvania Class members covered by this case;

    j.    For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Plaintiff, and all FLSA Collective, and Pennsylvania Class members covered by this case; and

    k.    For all such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATE: May 27, 2022

Respectfully submitted,

Frederick Law Group, PLLC

/s/ Troy M. Frederick
Troy M. Frederick, Esquire
PA 207461
Beth A. Frederick, Esquire
PA 308628
836 Philadelphia Street
Indiana, PA  15701
Phone: (724) 471-2056
Facsimile: (724) 801-8358
Email: *TMF@FrederickLG.com*
Email: *BAF@FrederickLG.com*

and

Simon B. Paris, Esquire*
Patrick Howard, Esquire*
PA 88572
SALTZ MONGELUZZI &
BENDESKY, PC
1650 Market Street, 52nd Floor
One Liberty Place
Philadelphia, PA  19103
Telephone:  (215) 496-8282
Facsimile:  (215) 754-4443
Email:  *sparis@smbb.com*
Email:  *phoward@smbb.com*
**Attorneys for Plaintiff**

*Counsel intend to move for *pro hac vice* admission